UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANTWON GIBSON,

    Plaintiff,

v.                                  Case No.:  8:22-cv-1492-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Dantwon Gibson seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIERMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.    Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

## B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v.*

*Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

**C.     Procedural History**

Plaintiff applied for supplemental security income benefits on March 4, 2020, alleging disability beginning December 31, 2019. (Tr. 15, 210-213). Plaintiff later amended the onset date to March 4, 2020, the application filing date. (Tr. 15, 38).

The application was denied initially and on reconsideration. (Tr. 84, 107). Plaintiff requested a hearing and on July 20, 2021, a hearing was held before Administrative Law Judge Amber Downs. (Tr. 31-58). On October 14, 2021, the ALJ entered a decision finding Plaintiff not under a disability since March 4, 2020, the date the application was filed. (Tr. 15-25).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on April 28, 2022. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on June 30, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 18).

### D. Summary of ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 4, 2020, the application date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: "scoliosis/spine disorders, asthma, and migraines." (Tr. 17). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 19).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b) except the claimant can frequently climb ramps and stairs and occasionally climb ladders, ropes, or scaffolds. He can frequently stoop, kneel, crouch, and crawl. The claimant can have frequent exposure to unprotected heights, moving mechanical parts, dust, odors, fumes, and pulmonary irritants, and to vibration and loud noises. He should have no exposure to bright, strobing, or flashing lights.

(Tr. 20).

At step four, the ALJ found Plaintiff had no past relevant work. (Tr. 24). At step five, the ALJ found that considering Plaintiff's age (29 years old on the application date), education (limited), work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 24-25). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1) cleaner/housekeeper, DOT 323.687-014,[1] light, SVP 2

(2) small products assembler, DOT 706.684-022, light, SVP 2

(3) marker, DOT 209.587-034, light, SVP 2

(Tr. 25). The ALJ concluded that Plaintiff had not been under a disability since March 4, 2020, the date the application was filed. (Tr. 25).

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

## II. Analysis

Plaintiff alleges that he had frequent extreme headaches, at least every day or every other day. (Doc. 20, p. 3-4). He claims that he has to lie down and try to sleep to try to alleviate the pain, and medication did not help. (Doc. 20,p. 4). Plaintiff argues that there is no evidence to contradict his testimony on his migraine headaches. (Doc. 20, p. 6). Plaintiff further argues that even though the ALJ acknowledged that Plaintiff has migraine headaches, the decision does not address whether Plaintiff would need to take unscheduled breaks due to his migraine headaches. (Doc. 20, p. 6).

Generally, a claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the

type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

In the decision, the ALJ summarized Plaintiff's subjective complaints, including that he testified to experiencing migraine headaches every other day, they were extreme, and "he cannot do anything and he can only lay down to relieve his

symptoms." (Tr. 21). The ALJ also noted that Plaintiff testified light exacerbated his migraines. (Tr. 21). After this summarization, the ALJ found generally:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 21).

The ALJ acknowledged that Plaintiff had a history of headaches, but that an EEG in September 2018 was normal and an EMG in November 2018 "showed only mild left cubital tunnel syndrome with no other deficits noted." (Tr. 21). The ALJ thoroughly summarized the medical records, noting that Plaintiff complained of intractable migraines. (Tr. 21-23). But the ALJ also cited many medical records that did not discuss headaches. (Tr. 21-23). Indeed, while some records contain complaints of headaches, other records contain Plaintiff's reports of no migraines or no headaches, belying Plaintiff's claim of having migraines every day or every other day. (*See e.g.*, Tr. 423, 433, 456, 503). The ALJ also found the opinions of a medical consultant and State agency consultants partially persuasive, noting that Plaintiff has migraine headaches, but finding Plaintiff was more limited based on this impairment than these consultants determined. (Tr 220-22-23). The ALJ added limitations for Plaintiff's migraines in the RFC: to frequent exposure to loud noises; and no

exposure to bright flashing lights, which accommodate Plaintiff's subjective complaints that light exacerbates his migraines. (Tr. 23).

The ALJ then found:

> Taking the forgoing into consideration, the longitudinal evidence of record does not support the claimant's allegations concerning the intensity, persistence, and limiting effects of his symptoms. While claimant does have scoliosis/spine disorders, asthma, and migraines, the actual objective findings on examination are not that significant so as to render him more limited than noted above. . . . In terms of claimant's daily activities, the claimant is essentially independent and able to perform a wide array of activities despite his impairments. The claimant stated he can bathe, dress, and take care of himself. He is able to drive a vehicle, do light housework, prepare simple meals, and shop in stores. He can manage money and he can socialize (Exhibit 7E and Hearing Testimony). This level of activity is not consistent with someone alleging such severe and debilitating physical symptomatology. The totality of the evidence demonstrates that the claimant's alleged symptoms are not entirely consistent with the evidence of record.

(Tr. 23). The ALJ concluded that the RFC is supported by and consistent with the objective medical evidence and Plaintiff's symptoms are somewhat supported by the objective evidence, but not to the extent alleged by Plaintiff. (Tr. 24). And the RFC contains nonexertional limitations that address Plaintiff's complaints. (Tr. 24).

In sum, the ALJ considered Plaintiff's complaints of migraine headaches. She also included limitations in the RFC that relate to Plaintiff's migraine headaches, such as limitations to frequent vibrations and loud noises and no exposure to bright, strobing, or flashing lights. (Tr. 20). In assessing the RFC, she considered Plaintiff's

daily activities, the frequency and intensity of the migraine headaches, aggravating factors, the effectiveness of medication, and treatment. The ALJ clearly articulated her reasons for not finding Plaintiff's subjective statements entirely consistent with the medical and other evidence of record, and considered Plaintiff's medical condition as a whole. Substantial evidence supports the ALJ's reasons in finding Plaintiff's statements about the intensity, persistence, and limiting effects of his migraine headaches not entirely consistent with the medical and other evidence of record. Thus, the ALJ did not err in failing to include further limitations in the RFC assessment.

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 14, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties